IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Timothy Earl Green,                  )        C/A 2:14-cv-2405-MGL-WWD
                                     )
            Petitioner,              )
                                     )
v.                                   )        **REPORT AND RECOMMENDATION**
                                     )
Warden Dennis Bush, Lee CI,          )
                                     )
            Respondent.              )
_____)


The Petitioner, Timothy Earl Green, number 324607, is presently incarcerated at

the Lee Correctional Institution, a facility of the South Carolina Department of

Corrections.  The Petitioner, proceeding pro se, filed his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on June 17, 2014. (Dkt. 1).  The Respondent filed

a motion for summary judgment on October 2, 2014, along with a return, supporting

memorandum and exhibits[1]. (Dkts. 16, 17).  An order was filed October 2, 2014,

_____

[1] The following documents have been made part of the record here:

(1) PCR Appendix (filed by Petitioner in state PCR appeal), containing:
    (a) October 17, 2007, guilty plea transcript;
    (b) Affidavit (requesting to drop the appeal)(direct appeal);
    (c) Order of Dismissal and Remittitur (direct appeal);
    (d) 2009 PCR Application (with attachment);
    (e) Return (2009 PCR action);
    (f) November 18, 2011, PCR evidentiary hearing transcript;
    (g) Plaintiff's Exhibit from November 18, 2011, PCR evidentiary hearing;
    (h) Order of Dismissal (2009 PCR action);
    (i) Arrest Warrants; Indictments; and Sentencing Sheets;
    (j) Letters from Petitioner to Richland County Clerk of Court filed June 21, 2007, and October
      11, 2007;
(2) Final Anders Brief of Appellant (direct appeal);
(3) April 8, 2008, Letter, ADAG Zelenka in lieu of formal return (direct appeal);

1

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. 18).  The Petitioner filed a response in opposition on October 22, 2014. (Dkt. 20).

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge.  Hence it appears consideration of the motion is appropriate.

## PROCEDURAL HISTORY

The Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment from the Richland County Clerk of Court. The Petitioner was indicted at the August 2005 term of the Richland County Grand Jury for murder and armed robbery.  (Attachment 1, PCR App. pp. 187-188; pp. 191-192). Assistant Public Defender Carolyn R. Gripp, along with Deputy Public Defender Lauren H. Mobley, represented the Petitioner on the charges.  The State called the case to trial on October 16, 2007; however, after selection of a jury, the Petitioner opted to plead

---

(4) June 2, 2008, Letter, Clerk of the South Carolina Court of Appeals re: pro se response (direct appeal);
(5) January 9, 2009, Letter, appellate counsel re: request to drop direct appeal with affidavit (direct appeal);
(6) Johnson Petition for Writ of Certiorari (PCR appeal);
(7) November 14, 2012, Letter, Clerk of the Supreme Court of South Carolina re: pro se response (PCR appeal);
(8) April 5, 2013, Letter, PCR appellate counsel submitting pro se Response to Johnson Petition (with attachment) (PCR appeal);
(9) Order, Supreme Court of South Carolina (transferring case to Court of Appeals) (PCR appeal);
(10) March 11, 2014, Order, South Carolina Court of Appeals (denying review, granting request to withdraw from representation) (PCR appeal);
(11) March 27, 2014, Remittitur (PCR appeal).

2

guilty before the Honorable G. Thomas Cooper, Jr.  Judge Cooper accepted the plea and sentenced the Petitioner to the minimum sentence on both charges: thirty (30) years imprisonment for murder and ten (10) years, concurrent, for armed robbery. (Attachment 1, PCR App. pp. 51-52; see also Attachment 1, PCR App. pp. 4-5). Petitioner filed a timely notice of intent to appeal.

Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the Petitioner on appeal.  On May 23, 2008, appellate counsel filed a Final Anders[2] Brief of Appellant in the South Carolina Court of Appeals and raised the following issue: "The lower court erred in denying appellant's motion to relieve counsel. " (Attachment 2, p. 3).

Appellate counsel also filed a motion to be relieved of appointment as, "in her opinion, the appeal [was] without legal merit sufficient to warrant a new trial." (Attachment 2,  p. 7).

By letter dated June 2, 2008, the Clerk of the South Carolina Court of Appeals advised the Petitioner of his right to file a pro se response "addressing any issues [he] believe[d] the Court should consider in [the] appeal." (Attachment 4).  By letter dated January 9, 2009, appellate counsel notified the South Carolina Court of Appeals that the Petitioner wished to drop the appeal and provided an affidavit from the Petitioner in support of same. (Attachment 5; see also Attachment 1, PCR App. p. 58).  By Order dated January 13, 2009, the South Carolina Court of Appeals dismissed the appeal and

---

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).

issued the Remittitur to the Clerk of Court of Richland County. (Attachment 1, PCR

App. p. 59).

On March 23, 2009, the Petitioner filed an application for post-conviction relief

("PCR"), with attachment, in which he raised the following claims verbatim:

1. Trial court deprived Applicant of due process and equal protection when it did not rule upon the pro se motion to have trl counsel relieved due to a conflict of interest and the interruptions that the trial counsel placed into the attorney/client privileges…

2. Counsel ineffective for not exercising Applicant's trial rights when counsel failed to prepare for trial and investigate trial matters, trial counsel ineffective when it interfered with the adverse process when counsel did not assist Applicant with understanding the evidence process as in having it explained to him;

3. Counsel ineffective when failed to disclose the Brady motion materials to him as counsel found the excuses not to do so, whereas the counsel filled the position as the solicitor when she decided to waive all of Applicant's personal rights to a trial and statutory rights to an evaluation to trial issues to his criminal case matters;

4. Counsel ineffective when failed to have the Applicant's co-defendant statements authenticated pursuant to the rules of evidence and knowing that in order for the Applicant to present evidence to the trial court in his favor it must be accordingly to the rules of evidence as applicable;

5. Counsel failed to file pre-trial and post trial motions such: pre-trial motion accordingly to SC Code Ann. § 17-19-20, and 30, for the purposes of having the indictments quashed, dismissed, and or charges reduced in the situated effects accordingly to the mandates as: S.C. Const. Art. I, § 11, State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); U.S. v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002) = Challenges to its sufficiency must be made in accord. With § 17-19-90 (2003);

6. Counsel ineffective when she failed to examine the forensic result reports, failed to investigate the finding of the police investigation as to what the actual findings was from handprints, ect., and counsel failed to examine the time of death that the solicitor testified to and without counsel cross-examined on the records;

7. Counsel ineffective when she failed to get the Applicant a competency

4

examination due to the first hand expressed emotional stresses he displayed towards her and accordingly to the statements she was given prior to the paperwork that was disclosed to her about the Applicant, counsel ineffective when she failed to follow the McNaughten mandates in the regards to § 17-24-10, 20, and 30, dictated by § 44-17-510, and 530 U.S. Supreme Court;

8. Trial counsel ineffective when failed to advise Applicant of his constitutional rights in re to Craig v. M.D., supra. rights..

9. Trial counsel ineffective for failures to visit with the Applicant on an appropriate basis/schedules due to the nature of the charges against him, the counsel was further ineffective when the counsel allowed the State to not assigned a co-counsel to the Applicant's case matters to be represented by;

10. Trial counsel ineffective when she did unauthorized communication with the Solicitor's office as in how she continued to keep the solicitor's office aware of all confidential filings that Applicant filed to the clerk up until the document that was filed by the Applicant requesting for the Clerk to contact the Solicitor for pro se filed matters to the Clerk of Court exposed to the Solicitor's office without the authorizations of it.

11. Trial counsel ineffective when she failed to expedite litigation accordingly to the criminal procedures and civil by exercising the Applicant's rights as applicable to his criminal case matters before the Fifth Circuit General Sessions Court, see as explained in regards to the provisions of the Rules of Professional Conduct, see Rule 407, SCACR,: Rule 3.2, and Rule 8.4:

(Attachment 1, PCR App. pp. 65-66) (errors in original).

The State made its return to the application on April 29, 2009. (Attachment 1, PCR App. pp. 75-78). Tristan M. Shaffer, Esq., represented the Petitioner in the PCR action. An evidentiary hearing was held November 18, 2011, before the Honorable L. Casey Manning. At the beginning of the hearing, PCR counsel Shaffer offered a verbal amendment to the PCR application to include two issues:

1. A due process violation based upon an unconstitutional trial tax; and,

2. Ineffective assistance of counsel based upon advice to plead to avoid trial tax.

(Attachment 1, PCR App. pp. 87-88).

5

The Petitioner and plea counsel, Gripp, testified. At the conclusion of the hearing, Judge Manning took the matter under advisement. (Attachment 1, PCR App. p. 166). By Order dated January 20, 2012, filed that same day, Judge Manning denied relief and dismissed the PCR application. (Attachment 1, PCR App. pp. 169-185).

The Petitioner appealed the denial of relief. Appellate Defender Dayne C. Phillips of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the Petitioner on appeal. Appellate counsel Phillips filed a Johnson[3] Petition for Writ of Certiorari in the Supreme Court of South Carolina on November 13, 2012, and presented the following question:

> Did the PCR court err in finding Petitioner knowingly, voluntarily, and intelligently pled guilty where Petitioner was improperly influenced into waiving his constitutional trial rights based on plea counsel's advice that Petitioner would receive a significantly harsher sentence if he exercised his right to a jury trial?

(Attachment 6, p. 2).

Appellate counsel Phillips also filed a petition to be relieved of appointment as, "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit." (Attachment 6, p. 9).

By letter dated November 14, 2012, the Clerk of the Supreme Court of South Carolina advised the Petitioner of his right to file a pro se response to the petition and "raise and argue any issues [Petitioner] believe[d] the Court should consider in th[e]

---

[3] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." Johnson v. State, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (S.C. 1988). The state court adheres to this requirement even though the Supreme Court of the United States has held, in Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987), that such a review is not required. Id.

appeal." (Attachment 7).  By letter dated April 5, 2013, appellate counsel Phillips filed

the pro se response on Petitioner's behalf. (Attachment 8).  The Petitioner raised the

following questions:

> 1. Did the Post Conviction Relief (PCR) Court err in denying relief to the
> Petitioner on the ground of Ineffective Assistance of Counsel, where the record
> clearly shows counsel's conduct was outside of Professional Norms?
>
> 2. Did the Post Conviction Relief (PCR) Court err in denying relief to the
> Petitioner on the ground of Ineffective Assistance of Counsel, where the claim
> was properly presented to the PCR Court on failure to adequately put up a
> Meaningful Defense by conducting an investigation on the case in order for the
> Petitioner to make an informed decision to plea guilty?

(Attachment 8)

The matter was thereafter transferred to the Court of Appeals for disposition.

(Attachment 9). See also 243(l), South Carolina Appellate Court Rules ("The Supreme

Court may transfer a case filed under this rule [governing certiorari review of

post-conviction relief actions] to the Court of Appeals").

On March 11, 2014, the South Carolina Court of Appeals denied the petition for

review and granted PCR appellate counsel Phillips' request to be relieved of

appointment. (Attachment 10).  The Petitioner was barred from seeking review from the

Supreme Court of South Carolina. Missouri v. State, 378 S.C. 594, 595, 663 S.E.2d

480, 481 (2008) (creating bar to seeking review from Supreme Court of South Carolina

following "an order [from the South Carolina Court of Appeals] denying a petition for a

writ of certiorari filed pursuant to Johnson v. State").  The South Carolina Court of

Appeals issued the Remittitur on March 27, 2014. (Attachment 11).

### GROUNDS RAISED IN THE INSTANT HABEAS CORPUS PETITION

In his Petition for Writ of Habeas Corpus, the Petitioner makes the following

7

allegations verbatim:

1. Ineffective assistance of counsel

Supporting facts: Trial Counsel was ineffective for advising Petitioner to plead guilty based off of the threat of a trial tax And the Assumption that Petitioner was looking At A recommendation of Forty-five years or A life Sentence if he went to trial. Counsel Advised Petitioner to plead guilty to avoid lengthy Sentence if he go to trial.

Ground Two: ineffective Assistance of trial Counsel

Supporting facts: Counsel Failed to Adequately put up A Meaningful defense by Conducting An investigation on the Case, in order For the petitioner to Make An informed decision to plead guilty.

Ground Three: ineffective Assistance of trial counsel

Supporting facts: Trial Counsel was ineffective For a Conflict of interest trial Counsel placed into the Attorney/Client privileges when Counsel Met with Petitioner, his Mother At the Solicitor's Office for two hours And not in the public defendant's office where she worked, trying to get Petitioner to plead guilty. Abusing Attorney/Client privileges.

Ground Four: ineffective Assistance of P.C.R. Counsel

Supporting facts: P.C.R. Counsel Failed to raise all Petitioners issues on P.C.R. From Application, P.C.R. Counsel was ineffective and prejudice Petitioner by not raising All Available issues for P.C.R. P.C.R. Counsel Also Failed to Filed Rule 59 e Motion to Alter or Amend judgement to properly preserve Petitioners issues.

Ground Five: Ineffective Assistance of counsel

Supporting facts: Trial counsel was ineffective for failing to investigate and advising petitioner to plead guilty. When the record clearly show that petitioner's co-defendant, Curtis Harris, gave a sworn affidavit claiming all responsibility for the crime exhornerating petitioner of any wrong during. Counsel could have cross-examin co-defendant at trial.

Ground Six: The lower court erred in denying appellant's motion to relieve counsel.

Supporting facts: Prior to entering the plea, appellant voiced his motion to relieve counsel since counsel had not advised as to why a plea appeared to be more beneficial than trial.

(ECF #1, Habeas Petition, pp. 6-11 and attached Grounds Five and Six)

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Nevertheless, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See FED.R.CIV.P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a pro se

9

litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B. Habeas Corpus Standard of Review

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also  White v. Woodall, 134 S.Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S.Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir.2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004.  Moreover, state court factual determinations are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and

10

convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S.Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S.Ct. at 786–87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S.Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas Petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the

state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

### C. Exhaustion Requirements

A habeas corpus Petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas Petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a Petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the

12

Petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.   A showing of a fundamental miscarriage of justice is a showing of actual innocence. See, e.g., Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2639 (1986).

## DISCUSSION

A review of the record and relevant case law reveals that the Respondent's motion for summary judgment should be granted and this matter ended.

As an initial matter, it is uncontested that the instant petition was filed timely as required by 28 U.S.C. § 2244(d)(1) and that the Petitioner has no further means of presenting his claims in state court so that they are technically exhausted within the meaning of 28 U.S.C. § 2254(b)(1)(A).  The Petitioner's grounds for relief will be reviewed seriatim.

*Ground One: Ineffective Assistance of Trial Counsel, Advice on Plea to Avoid Lengthy Sentence.*

The Petitioner alleges that trial counsel was ineffective in her advice concerning the guilty plea, specifically, her advice that a plea would allow for avoidance of a lengthy sentence after conviction by trial. (ECF #1, Habeas Petition, p. 6).  The Petitioner claims that her faulty advice rendered his guilty plea invalid as a result.   The Petitioner raised a similar issue to the PCR judge and the judge ruled on same. (Attachment 1, PCR App. p. 6).  The Petitioner also raised the issue in his PCR appeal. (Attachment 6, p. 2). Thus, Ground One is available to address on the merits.

It is beyond dispute that a guilty plea must be both knowing and voluntary."

13

Parke v. Raley, 506 U.S. 20, 29, 113 S.Ct. 517 (1992). See also Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709 (1969) ("a guilty plea should only be accepted where the record evidences 'an affirmative showing that it was intelligent and voluntary.'"). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463 (1970). What is key to the analysis in reviewing the plea for voluntariness is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Raley, 506 U.S. at 29, quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160 (1970).

       "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973). See also McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441 (1970) ("the plea is also a waiver of trial – and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant…").  To be entitled to relief on such a claim of ineffective assistance, the Petitioner had to have shown in state court that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different.

14

Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984). "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000), quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

Nevertheless, the review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d).  In addition, each step in the review process requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," id., at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S., at ——, 129 S.Ct. at 1420.  The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under §2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. at 788.

Furthermore, the review of ineffective assistance of counsel claims where the charges resulted in a guilty plea require even more deference:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial .... The added uncertainty, that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate

15

assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance....

Premo v. Moore, 562 U.S. 115, ___, 131 S.Ct. 733, 745 (2011).

The PCR judge correctly identified that the Petitioner had the burden of showing Strickland/Hill deficient performance and prejudice. (See Attachment 1, PCR App. p. 179-180). Given that the Petitioner failed to present credible evidence of deficient performance and prejudice, the PCR judge reasonably found the Petitioner failed to carry his burden of proof.

The PCR judge found as a fact that the Petitioner's testimony that he wanted a jury trial was not credible. (Attachment 1, PCR App. p. 181). Specifically, Judge Manning noted the Petitioner's "case was ready for trial, the jury had been selected, and the jury was only dismissed because he plead (sic) guilty." (Attachment 1, PCR App. p. 181). The PCR judge's well-supported credibility determination is a factual determination entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008), citing 28 U.S.C. § 2254(e)(1) ("for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." See id. § 2254(e)(1)). See also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). The Petitioner may overcome this presumption of correctness only by showing "clear and convincing evidence to the contrary." Wilson v. Ozmint, 352 F.3d 847, 858-859 (4th Cir. 2003), quoting Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029 (2003) (internal citations omitted). The Petitioner has shown no cause to discount

this finding, and none is readily apparent, especially where the contemporaneous plea record fully supports the fact that the Petitioner understood that he had the right to go to trial on the charges.  In fact, the jury had already been selected and the Petitioner could easily have received a trial on his charges. (See Attachment 1, PCR App. pp. 5-6; pp. 22-23; pp. 37-38).  This court should defer to the PCR judge's ruling on credibility and relief should be denied on this claim.

In addition, the PCR judge found that the Petitioner failed to present any evidence "that the trial court indicated that it would sentence … more harshly solely if he exercised his right to a jury trial." (Attachment 1, PCR App. p. 181).  The PCR judge reasoned:

> The Applicant's remaining claim is that he received ineffective assistance of counsel because counsel failed to object to the imposition of a "trial tax" had the Applicant proceeded to trial.  In the case at hand, there is no evidence that the trial court indicated that it would sentence the Applicant more harshly solely if he exercised his right to a jury trial.  "We rule a sentencing judge may *NOT* improperly consider a defendant's decision to proceed with a jury trial. ...We caution the Bench that a trial judge abuses his or her discretion in sentencing when the judge considers the fact that the defendant exercised the right to a jury trial." State v. Follin, 352 S.C. 235, 257-58, 573 S.E.2d 812, 824 (Ct. App. 2002).  This is not to say that a sentencing court cannot sentence similarly situated defendants differently if one proceeds to trial and the other a plea.  "[A]t trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged.  The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation." Alabama v. Smith, 490 U.S. 794, 801, 109 S. Ct. 2201, 2206, 104 L. Ed. 2d 865 (1989).  In the case at hand, it is not incorrect to imagine that after a trial and the facts of this senseless murder and the associated cover-up were revealed in full detail, a sentencing court may consider a harsher sentence as compared to one received following the relative sterility of a guilty plea proceeding.  The basic information needed to satisfy the requirements of plea colloquy will be far less than that brought out in a full trial. Id.
> Plea counsel explained that the State indicated in a chambers meeting that the State was going to ask for the maximum if the case went to trial, but that if the Applicant pled guilty, the State would probably not affirmatively oppose a request for the minimum sentence, i.e. thirty (30) years.

> A guilty plea may justify leniency, *Brady v. United States, supra;* a prosecutor may offer a "recommendation of a lenient sentence or a reduction of charges" as part of the plea bargaining process, *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978), and we have upheld the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial, *ibid.*; we have recognized that the same mutual interests that support the practice of plea bargaining to avoid trial may also be pursued directly by providing for a more lenient sentence if the defendant pleads guilty, *Corbitt v. New Jersey,* 439 U.S. 212, 221-223, 99 S.Ct. 492, 498-499, 58 L.Ed.2d 466 (1978).

Alabama v. Smith, 490 U.S. 794, 802-03, 109 S. Ct. 2201, 2206, 104 L. Ed. 2d 865 (1989).

> The Applicant has not satisfied his burden of proof and demonstrated that counsel's performance was deficient, nor has he demonstrated any prejudice (there is no credible testimony that the plea was involuntary based on any supposed deficient performance).  Similarly, the Applicant failed to present any evidence of actual (versus a presumption of) vindictiveness on the part of the sentencing judge by sentencing the Applicant to the minimum sentence following a guilty plea.

(Attachment 1, PCR App. p.p.181-183).

The Petitioner simply failed in his burden of proof.  The PCR judge reasonably found that the Petitioner failed to show deficient performance resulting in prejudice.  (Attachment 1, PCR App. p. 183).  In sum, the state court records fully and fairly support the PCR judge's factual findings.  The PCR judge's conclusions reflect a reasonable application of Strickland/Hill on the facts of record.  The Petitioner has failed to meet his "most substantial burden" in showing error in counsel's advice before the plea. Premo v. Moore, supra.  Consequently, this ground should not entitle the Petitioner to habeas corpus relief.

*Grounds Two and Five: Allegation of Ineffective Assistance, Failure to Investigate Defenses*

18

These grounds are addressed together as they appear to allege basically the same claim: Counsel did not do an adequate investigation to prepare a defense including the use of an April 2007 statement from co-defendant Harris claiming responsibility for the crimes. (ECF #1, Habeas Petition, p. 7 and attachment, ground five.)  The Petitioner generally made these allegations in his initial PCR application, (see Attachment 1, PCR App. pp. 65-66, para. 2, 4 and 6), and raised such an issue in his pro se brief in the PCR appeal, (see Attachment 8, pp. 12-17); however, the Petitioner failed to obtain a ruling from the PCR court on the issue. (see Attachment 1, PCR App. pp. 181-183).  As a result, these grounds are defaulted.

The failure to obtain a ruling precluded the review of the issue on the merits during the PCR appeal. Simpson v. Moore, 367 S.C. 587, 600 n. 3, 627 S.E.2d 701, 708 n.3 (2006) (issue not addressed by PCR judge not preserved for review on appeal); Humbert v. State, 345 S.C. 332, 338, 548 S.E.2d 862, 866 (2001) (same). Cf. Marlar v. State, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review").[4]

To the extent the Petitioner intends to argue ineffective assistance of PCR counsel as a basis to excuse his default, (see generally Petitioner's Ground Four), he again fails.  The allegation of ineffective assistance of PCR counsel may in some cases

---

[4] The Fourth Circuit has found this bar as to individual claims to be consistently and regularly applied after the 2007 Marlar decision. Bostick v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009). Consequently, it would be applicable here to the Order issued in January 2012. (See Attachment 1, PCR App. p. 185).

constitute cause to excuse the default of an "ineffective assistance of trial counsel"

claim. In Martinez v. Ryan, _____ U.S. ___, 132 S.Ct. 1309 (2012), the Supreme Court

held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320.

The Court also noted:

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support, *or* that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

132 S.Ct. at 1319 (emphasis added). See also 132 S.Ct. at 1321 (conclusion similarly

reflecting two different bases, noting "the Court of Appeals did not determine whether

Martinez's attorney in his first collateral proceeding was ineffective *or* whether his claim

of ineffective assistance of trial counsel is substantial") (emphasis added).  The

Petitioner has failed to assert why he believes PCR counsel did not pursue rulings on

unaddressed claims.   Still, at any rate, the Petitioner's basic allegation of trial counsel

error is without factual support and without merit.

Counsel testified at the PCR hearing that she was ready for trial, had developed

a mere presence defense, and had retained and consulted a blood spatter expert.

(Attachment 1, PCR App. p. 103).  In regard to the April 2007 statement by co-

defendant Harris, (see Attachment 1, PCR App. p. 168), counsel testified, "we would be

able to use this against his prior statements because it would be an inconsistent

20

statement." (Attachment 1, PCR App. p. 109).  <u>See generally</u> Rule 801 (d)(1), South

Carolina Rules of Evidence (statement not barred by hearsay rule where inconsistent

with testifying declarant's testimony).  The Petitioner cannot show factually that counsel

missed any particular evidence or defense.  Thus, he fails to establish cause to excuse

the default. <u>Martinez</u>, supra.  The procedural bar should be applied and this ground

dismissed.

*Ground Three: Allegation of Ineffective Assistance, Abuse of Attorney/Client Privilege*

The Petitioner argues counsel should not have met with him and his mother in

the solicitor's office to discuss his plea. (ECF #1, Habeas Petition, p. 9).  Such an

allegation was not raised to nor ruled upon by the PCR judge.  The Petitioner presented

the fact of the meeting at the solicitor's office in his <u>pro</u> <u>se</u> brief on appeal, but did not

argue a privilege issue based on same. (See Attachment 8, p. 14).  This ground is

defaulted.  Furthermore, if the Petitioner could avoid the default for any reason,[5] the

issue would still not merit relief.

Counsel testified at the PCR hearing that she secured a meeting in the

courthouse in the solicitor's office to comply with security requirements. (Attachment 1,

PCR App. pp. 100-101; p. 132).  The meeting, though, was between counsel, the

Petitioner and the Petitioner's mother. (Attachment 1, PCR App. p. 101).  The meeting

location was beneficial as counsel could not otherwise meet together with the Petitioner

and his mother, which the Petitioner had requested. (Attachment 1, PCR App. p. 101).

---

[5] Since this ground was not raised in the PCR application, or in the PCR appeal, it is not clear that the Petitioner would attempt to fault his PCR counsel for failing to obtain a ruling. (See generally Ground Four).

There is no indication of any breach of attorney/client privilege simply by meeting in an office generally used and belonging to a solicitor, especially where this was done for security reasons to grant the Petitioner's request to have his mother at the meeting. The Petitioner's allegation of error should be denied.

Nonetheless, this ground has been procedurally defaulted.  The procedural bar prevents review of the claim on the merits here.

*Ground Four: Allegation of Ineffective Assistance of PCR Counsel*

The Petitioner's allegation of ineffective assistance of PCR counsel should not be reviewed here as it is barred by 28 U.S.C. 2254 (i) which provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  See also Martinez v. Ryan, ___ U.S. ___, ___ 132 S.Ct. 1309, 1320 (2012) (acknowledging that "§ 2254(i) precludes [ a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"); Auls v. Cohen, 2013 WL 496239,  3 (D.S.C. Feb. 6, 2013) (finding allegation "PCR counsel was ineffective … is not a proper basis for a § 2254 petition. ..." citing 28 U.S.C. § 2254(i)).

To the extent Petitioner means to argue excuse for default of particular claims, that argument has been addressed *supra* within the individual arguments.

*Ground Six: Allegation of Trial Court Error, Failure to Grant Motion to Relieve Counsel*

Here, the Petitioner argues essentially the trial judge erred in not granting his request that his trial counsel be relieved of appointment on the day of the trial after the jury had been seated. (Dkt. 1, Habeas Petition, attachment, ground six).  This issue was

22

raised in the direct appeal which the Petitioner then dismissed.  It is defaulted and not available for review[6] here.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Petitioner's claims be denied, that the Respondent be granted summary judgment (Dkt. 16) and this habeas corpus petition be dismissed with prejudice.  It is also recommended that a certificate of appealability be denied.[7]

IT IS SO RECOMMENDED.

November 21, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

---

[6] It should be noted that the Petitioner's guilty plea acted as a waiver of all non-jurisdictional defects. Tollett v. Henderson, supra.

[7] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001).  In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).