

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY EARL GREEN,           § | |
| Petitioner,           § | |
| § | |
| vs.           § | CIVIL ACTION NO. 2:14-2405-MGL-WWD |
| § | |
| WARDEN DENNIS BUSH, Lee CI,           § | |
| Respondent.           § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE,
AND DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

This case was filed as a 28 U.S.C. § 2254 action.  Petitioner is proceeding pro se.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's habeas petition with prejudice.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 11, 2014, and the Clerk of Court entered Petitioner's objections on December 5, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections. He pled guilty in Richland County to murder and armed robbery. The trial court sentenced him to thirty years imprisonment for murder and ten years imprisonment for armed robbery–with the sentences to run concurrently.

Petitioner filed a timely notice of appeal, but he later dropped his appeal. He subsequently filed an application for post-conviction relief (PCR). After a hearing on the matter, the PCR court denied Petitioner's requested relief and dismissed the application. Petitioner then petitioned for a writ of certiorari, but the South Carolina Court of Appeals denied the petition. Petitioner then filed his § 2254 with this Court in which he raises the following grounds for relief (set forth here verbatim):

> Ground One: ineffective Assistance of trial counsel
> Supporting facts: Trial Counsel was ineffective for advising Petitioner to plead guilty based off of the threat of a trial tax And the Assumption that Petitioner was looking At A recommendation of Forty-five years or A life Sentence if he went to trial. Counsel Advised Petitioner to plead guilty to avoid lengthy Sentence if he go to trial.
>
> Ground Two: ineffective Assistance of trial Counsel
> Supporting facts: Counsel Failed to Adequately put up A Meaningful defense by Conducting An investigation on the Case, in order For the petitioner to Make An informed decision to plead guilty.
>
> Ground Three: ineffective Assistance of trial counsel
> Supporting facts: Trial Counsel was ineffective For a Conflict of interest trial Counsel placed into the Attorney/Client privileges when Counsel Met with Petitioner, his Mother At the Solicitor's Office for

2

> two hours And not in the public defender's office where she worked, trying to get Petitioner to plead guilty. Abusing Attorney/Client privileges.
>
> Ground Four: ineffective Assistance of P.C.R. Counsel
> Supporting facts: P.C.R. Counsel Failed to raise all Petitioners issues on P.C.R. From Application, P.C.R. Counsel was ineffective and prejudice Petitioner by not raising All Available issues for P.C.R. P.C.R. Counsel Also Failed to Filed Rule 59 e Motion to Alter or Amend judgement to properly preserve Petitioners issues.
>
> Ground Five: Ineffective Assistance of counsel
> Supporting facts: Trial counsel was ineffective for failing to investigate and advising petitioner to plead guilty. When the record clearly show that petitioner's co-defendant, Curtis Harris, gave a sworn affidavit claiming all responsibility for the crime exhornerating petitioner of any wrong during. Counsel could have cross-examin co-defendant at trial.
>
> Ground Six: The lower court erred in denying appellant's motion to relieve counsel.
> Supporting facts: Prior to entering the plea, appellant voiced his motion to relieve counsel since counsel had not advised as to why a plea appeared to be more beneficial than trial.

Petition 6-11 and attached Grounds Five and Six (errors in original and not corrected).

As to Ground One, Petitioner's trial tax claim, the PCR court opined as follows:

> The Applicant has not satisfied his burden of proof and demonstrated that counsel's performance was deficient, nor has he demonstrated any prejudice (there is no credible testimony that the plea was involuntary based on any supposed deficient performance). Similarly, the Applicant failed to present any evidence of actual (versus a presumption of) vindictiveness on the part of the sentencing judge by sentencing the Applicant to the minimum sentence following a guilty plea.

PCR Court's Order of Dismissal 15. The Magistrate Judge suggests that "the state records fully and fairly support the PCR judge's factual findings" and that the PCR court's "conclusions reflect a reasonable application of [the applicable law] on the facts of record." Report 18. The Court agrees

3

with the Magistrate Judge's assessment and, therefore, will grant Respondent's motion for summary judgment on Ground One of Petitioner's habeas petition.

Regarding Grounds Two and Five, the Magistrate Judge coupled them together in the Report inasmuch "as they appear to allege basically the same claim: Counsel did not do an adequate investigation to prepare a defense including the use of an April 2007 statement from co-defendant Harris claiming responsibility for the crimes." Report 19 (citation omitted). Although Petitioner raised this ground in his initial PCR application, the PCR court failed to rule on the issue. Therefore, the appellate court was unable to rule on the merits of the issue during the PCR appeal. *See Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (2006) (stating that an issue not addressed by the PCR court is not preserved for review on appeal). As such, Grounds Two and Five are defaulted.

Procedural default occurs when a habeas petitioner fails to exhaust his state remedies and the state court would now find the claims procedurally barred. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001). When a procedural default occurs, federal review is barred unless the petitioner can show cause for his default and resulting prejudice, or actual innocence. *Harris v. Reed*, 489 U.S. 255, 262 (1989). The petitioner may also avoid the procedural bar by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

Here, Petitioner is unable to demonstrate factually that counsel missed any particular evidence or defense. Consequently, he fails to establish cause to excuse the default. He has also failed to show either actual innocence or that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. Hence, the Court will grant Respondent's motion for summary judgment on Grounds Two and Five.

Turning now to Ground Three, Petitioner failed to raise the issue of whether his attorney should have met with him and his mother in the solicitor's office to discuss the plea in his PCR proceedings. Thus, this ground is also defaulted and he is unable to overcome the default by showing either cause and prejudice, actual innocence, or that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, the Court will grant Respondent's motion for summary judgment on Ground Three of Petitioner's petition, as well.

Concerning Ground Four, Petitioner's allegation of ineffective assistance of his PCR counsel, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. 2254 (i); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (acknowledging that "§ 2254(i) precludes [ a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"). Consequently, the Court will enter judgment in favor of Respondent on Ground Four of Petitioner's petition.

And finally, as to Ground Six, Petitioner's argument of the trial court's error in failing to grant his motion to relieve counsel, although the issue was raised on appeal, Petitioner dismissed the appeal. As such, the issue is defaulted and Petitioner is unable to overcome the default. Thus, because the Court is unable to review the decision here, the Court will grant Respondent's motion for summary judgment on Ground Six.

In Petitioner's objections, he does nothing more than reargue positions that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the analysis here. Therefore, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**.

In addition to entering Petitioner's objections on December 5, 2014, the Clerk of Court also entered his Motion for a Certificate of Appealability. An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, Petitioner request for a certificate of appealability from this Court is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of December, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.